Sandra Fay DENTON, Appellant,

v.

CENTRAL ARKANSAS TRANSIT AU-
THORITY, originally sued as Central
Arkansas Transit; Mr. Keith Jones;
John Davis, Local 704 Union Presi-
dent, Appellees.

No. 04–1982.

United States Court of Appeals,
Eighth Circuit.

Submitted: Feb. 16, 2005.

Decided: March 4, 2005.

Sandra Fay Denton, Little Rock, AR,
Pro Se.

Carolyn Brack Witherspoon, Mark
Thomas McCarty, Cross & Gunter, Little
Rock, AR, for Defendants–Appellees.

Before MORRIS SHEPPARD
ARNOLD, FAGG, and SMITH, Circuit
Judges.

PER CURIAM.

Sandra Denton appeals the district
court's dismissal of her employment-dis-
crimination suit against the Central Ar-
kansas Transit Authority (CATA) and
CATA employee Keith Jones.[1]

Ms. Denton was disciplined and later
terminated for sick-leave absences from
her job as a bus driver for CATA. CATA
agreed to reinstate Ms. Denton if she took
and passed a Department of Transporta-
tion (DOT) physical. Although she had
previously passed a DOT physical, and this
had been used as evidence that she was
abusing her sick leave, she failed the phys-
ical and was not reinstated. She then filed
the instant suit asserting that by failing to
accommodate her with suitable work, and

---

1. Ms. Denton also named John Davis, the
president of her union local, but he does not

appear to have been personally served, and he
did not answer the complaint.

by terminating her employment, defendants violated her rights under Title VI and VII, the Family and Medical Leave Act (FMLA), the Americans with Disabilities Act (ADA), the Rehabilitation Act of 1973, the Fourteenth Amendment, and the Arkansas Civil Rights Act. The district court dismissed Ms. Denton's complaint for failure to exhaust DOT administrative remedies, citing *Harris v. P.A.M. Transport, Inc.,* 339 F.3d 635 (8th Cir.2003).

In *Harris,* the defendant refused to hire the plaintiff because a DOT physician found him unfit for duty under DOT regulations. The physician's report conflicted with a prior physician's report that had reached the opposite conclusion. Because DOT regulations provide appeal procedures where there is disagreement between the driver's physician and the physician for the motor carrier concerning the driver's qualifications, we held that the plaintiff first had to exhaust his administrative remedies. *See Harris,* 339 F.3d at 638. By contrast, Ms. Denton does not seek to challenge defendants' refusal to reinstate her based on the findings of the DOT physician; rather she challenges her earlier termination, which was a disciplinary matter, and defendants' failure to accommodate her. Thus *Harris* is inapposite, and we do not believe that Ms. Denton was required to exhaust her administrative remedies with DOT prior to bringing this suit.

We therefore reverse and remand this case to the district court for further proceedings consistent with this opinion.